JANNIE DELP v. MISSOURI STATE LIFE INSURANCE COMPANY et al.

(No. 8193)

Submitted October 8, 1935. Decided October 22, 1935.

Wm. Cody Fletcher and H. E. DeJarnette, for plaintiff in error.

File, File & Scherer, for defendants in error.

LITZ, PRESIDENT:

This is an action upon a certificate of life insurance issued under a group insurance policy. The trial court, upon agreed statement of fact, entered judgment for defendants. Plaintiff prosecutes error.

The group policy was issued by Missouri State Life Insurance Company to C. H. Mead Coal Company, a corporation, for the purpose of insuring its employees. The certificate in question, dated January 1, 1933, and insuring the life of A. M. Delp, an employee of the coal company, designated his wife, Jannie Delp, as beneficiary. The premium was payable monthly from the wages of the insured.

August 28, 1933, in a suit pending in the circuit court of the City of St. Louis, Missouri, an order was entered adjudging the insurance company insolvent and vesting title to its assets in R. Emmet O'Malley, as superintendent of the insurance department of the State of Missouri, with authority to sell the same. By contract in writing, dated September 7, 1933, between himself and defendant, General American Life

Insurance Company, he sold and transferred to it all of the assets of the Missouri State Life Insurance Company. In the contract, General American Life Insurance Company, which apparently had been organized for the purpose of acquiring the business of the Missouri State Life Insurance Company, assumed all of the outstanding insurance policies theretofore issued by the Missouri State Life Insurance Company and in-force, according to its books and records, on the 28th day of August, 1933, "so as to carry out in manner and form all of the obligations of old company in said policies and contracts, according to the true intent and tenor thereof."

General American Life Insurance Company, by letter dated September 8, 1933, inclosing copy of the contract between itself and the insurance commissioner, informed the coal company of its assumption of all the insurance policies and contracts issued by the Missouri State Life Insurance Company as of August 28, 1933. By letter dated September 13th, following, the coal company advised the General American Life Insurance Company that it had decided to discontinue the group policy theretofore issued to it by Missouri State Life Insurance Company. On the 15th of September, the insured, A. M. Delp, died, and by letter dated September 18th, the General American Life Insurance Company advised the coal company that it was cancelling the group policy as of September 1st.

The specifications of defense are (1) that the certificate of insurance had lapsed, for non-payment of premium, before the death of insured; and (2) that the adjudication of insolvency of the Missouri State Life Insurance Company August 28, 1933, effected a cancellation of the certificate.

The premium for August, 1933, was paid, and the grace period for the payment of the September premium had not expired at the time of the death of the insured.

Whether the adjudication of insolvency of the Missouri State Life Insurance Company effected a cancellation of the policy, its assumption by the General American Life Insurance Company as of the time it was effective reinstated the policy for the benefit of the insured. This agreement and obligation on the part of the General American Life Insur-

ance Company was in force at the time of the death of the insured. The effect of a strictly technical contract of reinsurance is merely to indemnify the original insurer, and accordingly the policy holder is not in privity with the contract and may not sue the reinsurer by reason thereof; but where the contract of reinsurance is to pay the policy holder the amount of any loss which may accrue, it is generally held that the policy holder may sue the reinsurer on the policy. The bringing of suit is a sufficient assent by the policy holder to the agreement, the law creating the privity necessary for the maintenance of the action. 14 R. C. L. 1452; Cooley's Briefs on Insurance, p. 6758; 31 Am. & Eng. Ann. Cas. 1144. "In the absence of any statutory restrictions, it is competent for the reinsurer to make a reinsurance contract inure directly to the benefit of the person originally insured, and in jurisdictions where a third person is allowed to maintain an action on a contract made for his benefit, the original insured may recover directly from the reinsurer. Accordingly, where, in reinsuring risks for which policies are outstanding, the reinsurer contracts with reinsured to assume the policies and to pay the holders thereof all such sums as reinsured may become liable to pay, the persons to whom these original policies are payable acquire a direct right of action against the reinsurer, and may sue in their own names and recover on the contract of reinsurance." 33 C. J. 58. Moreover, the General American Life Insurance Company is, by the Missouri statute, liable to the policy holders of the Missouri State Life Insurance Company to the extent of the obligations assumed by it under the contract with the superintendent of insurance. Revised Statutes of Missouri (1929), p. 1702.

The ruling of the trial court will be reversed and judgment entered in favor of plaintiff against defendants.

*Reversed and entered.*